17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold L. COOK, Plaintiff-Appellant,
v.
McDONNELL DOUGLAS HELICOPTER COMPANY, Defendant-Appellee.
 No. 93-15947.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold L. Cook appeals the district court's summary judgment in favor of McDonnell Douglas Helicopter Company (MDHC) in his employment discrimination action alleging gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. (Title VII), age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. (ADEA), and race discrimination under the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981 (Sec. 1981). Cook contends the district court erred by granting summary judgment because he raised an issue of material fact as to pretext. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether any genuine issues of material fact exist. Williams v. Edward Apffels Coffee Co., 792 F.2d 1482, 1484 (9th Cir.1986). The party opposing the summary judgment motion " 'must do more than simply show that there is some metaphysical doubt as to the material facts.' " Lindahl, 930 F.2d at 1437 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).
 
 
 4
 * Background
 
 
 5
 Cook was hired by McDonnell Douglas Corporation in 1981 from his job at CAL/OSHA. Cook received various promotions and in 1988 he was promoted to Manager of Environmental Health and Safety (EH & S) of MDHC.
 
 
 6
 In response to significant economic losses and work force reductions, in 1989 MDHC implemented its Total Quality Management System (TQMS), which eliminated and restructured management jobs. Cook's position was placed within a new department, supervised by L. Joseph Deney. TQMS required all management employees to reapply for their positions. MDHC listed the minimum qualifications for the Manager of EH & S as: "Bachelor's Degree and 4 years experience or an equivalent combination. Education and experience must be related to the position. Must have a balance between leadership and technical skills."
 
 
 7
 Cook reapplied for his position. Deney interviewed Cook, another male and two females and rated each applicant on seven criteria: technical proficiency, willingness to take risks, subordinate reviews, continuous improvement, teamwork, leadership skills, and customer relations. For each quality, Deney rated the applicants as low, average, or high and then indicated who had placed first and second. Cook placed first in the technical proficiency category, rated high in his willingness to take risks, average in the categories of continuous improvement and leadership skills, and low in teamwork and customer relations. Jannie M. Lathan, a 38-year-old, African-American female, placed first in willingness to take risks, continuous improvement, and customer relations and second in technical proficiency and teamwork. She received an average rating in leadership skills. Deney noted that there were "no good candidates" in the leadership category. Deney selected Lathan for the Manager job because he concluded she had the best overall score. Cook, a 46-year-old, Caucasian male, alleges reverse discrimination.
 
 II
 Gender, Age, and Race Discrimination
 
 8
 An employer may not make employment decisions based on gender, age, or race. 42 U.S.C. Sec. 2000e-2(a)(1) (gender); 29 U.S.C. Sec. 623(a)(1) (age); 42 U.S.C. Sec. 1981 (race). Disparate treatment claims under Title VII, the ADEA, and Sec. 1981 are analyzed under the same standards. Williams, 792 F.2d at 1484. When the plaintiff establishes a prima facie case of employment discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the decision. Lindahl, 930 F.2d at 1437. If the employer articulates such a reason, the plaintiff must raise a genuine factual issue as to whether the articulated reason was a pretext for discrimination. Id. "The plaintiff may carry this burden 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing the employer's proffered explanation is unworthy of credence.' " Id. at 1437-38 (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981)). A plaintiff's subjective personal judgments of his competence do not raise a genuine issue of material fact. Schuler v. Chronicle Broadcasting Co. Inc., 793 F.2d 1010, 1011 (9th Cir.1986).
 
 
 9
 Here, MDHC conceded for purposes of its motion that Cook had established a prima facie case of discrimination. Cook does not dispute that MDHC met its burden of providing a legitimate nondiscriminatory reason for its employment decision.
 
 
 10
 Cook argues that MDHC's evaluation of Lathan as the most qualified for the position is unworthy of credence. Cook asserts that Lathan lacked the threshold qualifications to apply for the position because she did not have four years of related work experience. He argues that he was the best qualified candidate because he ranked first in the technical proficiency category and that Lathan could not have legitimately ranked higher than Cook in the other categories. Cook points to negative comments in subordinate reviews about Lathan's leadership skills.
 
 
 11
 The affidavits and exhibits submitted by MDHC demonstrate that Lathan was qualified for the position. She had a Master's Degree in Civil Engineering, experience with Maryland OSHA, and had held various managerial positions. Moreover, she outscored Cook on several of the objective criteria used in the evaluation process. Cf. Williams, 792 F.2d at 1487 (hiring inexperienced applicants raised factual question). Even though Cook received the highest score for technical proficiency, that was only one of seven factors Deney considered. See Cotton v. City of Alameda, 812 F.2d 1245, 1249 (9th Cir.1987) (court does not second guess the selection criteria actually used by employer). Unlike the plaintiff in Lindahl, 930 F.2d at 1438-39, who offered direct and specific evidence of the employer's discriminatory motive, Cook alleges, essentially, that he was better qualified. Such a challenge is insufficient to withstand a summary judgment motion. See e.g., Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir.1990) (summary judgment appropriate when plaintiff offered no evidence to refute employer's assertion that he lacked the professionalism and attitude required for the position even though he received positive reviews, had greater experience, and somewhat better job performance ratings); Schuler, 793 F.2d at 1011. Finally, in light of the harsh comments from her subordinates, Deney noted that Lathan needed to improve her leadership skills and gave her an average rating in that category. Cook, however, also received an average rating for leadership skills based on Deney's assessment that Cook was "concerned about EH & S but not developing proactive approaches to problems within Co." As a result, Deney did not rank any of the four applicants on the leadership criteria. Taken together these facts do not conflict with Deney's conclusion that Lathan had "the best overall score" and thus do not show that MDHC's explanation was not credible. See Merrick, 892 F.2d at 1437-38; cf. Lindahl, 930 F.2d at 1438-39 (when employer's reason for hiring male was leadership ability, plaintiff called that reason into question with specific facts showing he lacked leadership ability).
 
 
 12
 Cook's motion for attorney's fees on appeal is denied. The parties shall bear their own costs on appeal.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3